IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

LAWRENCE HUDSON, *Plaintiff/Appellant*,

*v.*

JUSTIN HEAP, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0730
FILED 8-11-2026

---

Appeal from the Superior Court in Maricopa County
No. CV2025-000118
The Honorable Quintin H. Cushner, Judge

**AFFIRMED**

---

COUNSEL

Gerich Law Offices, Bullhead City
By Ashley Gerich, Jason S. Keer
*Counsel for Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Joseph Eugene La Rue, Jack O'Connor, Rosa Aguilar Dhakal, Brian T. Irvine
*Counsel for Defendants/Appellees*

---

## OPINION

Judge Anni Hill Foster delivered the opinion of the Court, in which Presiding Judge David B. Gass[1] and Judge D. Andrew Gaona joined.

---

**F O S T E R**, Judge:

¶1        The question presented in this case is whether Maricopa County ("County") properly denied Plaintiff Lawrence Hudson's public records requests for the Cast Vote Records ("CVR") for the 2024 election cycle. The CVR consist of "an electronic record of a voter's ballot selections," which may include ballot identifier information and "images of the entire ballot and images of write-in areas on the ballot."[2] Hudson submitted three separate public records requests to the County for CVR generated by the County's electronic voting system after tabulation of ballots during the 2024 elections. The County concluded A.R.S. § 16-625 prohibited releasing the CVR because the statute requires election officials to protect electronic ballot data from access or copying. The County denied Hudson's request.

¶2        Hudson brought this action arguing that because CVR do not disclose voter identity, § 16-625 permitted their release after the 2024

---

[1] Judge David B. Gass was a sitting member of this Court when the matter was assigned to this panel of the Court. He retired effective June 30, 2026. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution, and under A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge David B. Gass as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2026-87.

[2] John Wack et al., *NIST Special Publication 1500-103: Cast Vote Records Common Data Format Specification* 3 (Ver. 1.0 2019), https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.1500-103.pdf (last visited June 25, 2026); *see Santa Cruz Cnty. v. AUDIT USA*, 261 Ariz. 76, 79, ¶ 3 n.1 (App. 2025) (citing Wack et al., *Cast Vote Records Common Data Format Specification* 3, to define CVR), *review denied*, *Santa Cruz v. Audit USA*, 587 P.3d 1284 (Ariz. 2026).

elections were final. The superior court rejected that argument and dismissed the case. Hudson appealed. This Court affirms.

## FACTS AND PROCEDURAL HISTORY

**¶3**        The parties do not dispute the facts that follow. Hudson submitted a public records request in June 2024 for the CVR "for the March 2024 Presidential Preference Election." The County informed Hudson that "the records you have requested are not 'public records' within the meaning of the public records law." About five months later, Hudson submitted two more public records requests to the County, again seeking the CVR for the July 2024 primary election and the November 2024 general election. The County did not provide Hudson with any CVR in response to his three requests.

**¶4**        After not receiving a response, Hudson filed this special action under A.R.S. § 39-121.02(A) to obtain access to the CVR. The County moved for judgment on the pleadings. Ariz. R. Civ. P. ("Rule") 12(c). It argued § 16-625 prohibited release of the CVR as electronic data derived from ballots. Hudson's response conceded that a "CVR is data derived from the cast ballots" and that it includes the ballot number. Hudson claimed that a disputed issue of material fact existed regarding the "type of data that can be derived from the CVR and whether electronic data derived from ballots is of such a nature that it cannot be lawfully produced." Hudson also claimed that the CVR did not contain any identifying information about voters and therefore was subject to disclosure under public records law. He contended that the plain language in § 16-625 applied only to active elections. Hudson also argued that the County's motion presented exhibits outside of the pleadings and should be converted to one for summary judgment. *See* Ariz. R. Civ. P. 12(d).

**¶5**        After oral argument, the superior court granted the County's motion and dismissed the case on the pleadings. The court found that conversion of the County's motion to one for summary judgment was unnecessary because the attached documents were official public records of which it could take judicial notice. The superior court noted Hudson's concession that CVR contain data derived from cast ballots and that Hudson did not dispute that CVR is "electronic data from . . . ballots." The court found that "[b]ecause [Hudson] concedes that CVR[] are derived from ballots and offers no evidence suggesting they fall outside § 16-625, there is no material factual dispute that warrants denying [the County's] motion." Thus, the court concluded that § 16-625 exempted the CVR from release under public records law.

**¶6** Hudson timely appealed and this Court has jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**I.  The superior court properly interpreted A.R.S. § 16-625.**

### A.  Section 16-625's plain language applies to CVR

**¶7** Hudson argues the court improperly interpreted § 16-625 by only looking to the statute's plain language and not considering the broader context of the law. He contends the court misinterpreted the undefined term, "electronic data," in § 16-625 and, in doing so, misidentified CVR as electronic data under § 16-625, improperly using that reasoning to deny his public records requests. This Court disagrees.

**¶8** In reviewing a motion for judgment on the pleadings, this Court "accept[s] the complaint's factual allegations as true, but review[s] the trial court's legal conclusions de novo." *Garibay v. Johnson*, 259 Ariz. 248, 240, ¶ 9 (2025). This Court reviews whether a document is a public record subject to release *de novo. Griffis v. Pinal Cnty.*, 215 Ariz. 1, 4, ¶ 7 (2007). Likewise, statutory interpretation is reviewed *de novo. Garibay*, 259 Ariz. at 240, ¶ 9.

**¶9** Hudson concedes that the CVR is data but disputes that it qualifies as "electronic data" under the statute. Statutory interpretation begins with the statute's plain language. *In re Riggins*, 257 Ariz. 28, 31, ¶ 12 (2024). Courts derive a statute's meaning from its "clear and unequivocal language" and by "reading each word, phrase, clause, and sentence in such a way to ensure no part of the statute is void or trivial." *Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 137, 142, ¶ 15 (2024). When the Legislature does not provide a definition for statutory language, courts apply a word's ordinary meaning. *See, e.g.,* A.R.S. § 1-213; *In re Drummond*, 257 Ariz. 15, 19, ¶ 7 (2024). And in reviewing statutory language, a court construes it "*in pari materia* with related statutory provisions to harmonize and give effect to the entire statutory scheme." *Republican Nat'l Comm. v. Fontes*, CV-25-0089-PR, 2026 WL 2069131, at *3, ¶ 16 (Ariz. July 17, 2026); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012) (a statute should be read "to consider the entire text, in view of its structure and of the physical and logical relation of its many parts").

¶10       Section 16-625 provides,

> [t]he officer in charge of elections shall ensure that **electronic data from** and electronic or digital images of ballots are protected from physical and electronic access, including unauthorized copying or transfer, and that all security measures are at least as protective as those prescribed for paper ballots.

A.R.S. § 16-625 (emphasis added). The Legislature has not defined the phrase "electronic data" in the context of elections and voting. Thus, this Court turns to the ordinary meaning of the phrase and its context. *See, e.g.,* A.R.S. § 1-213; *In re Drummond*, 257 Ariz. at 19, ¶ 7 ("Absent a statutory definition, courts generally give words their ordinary meaning and may look to dictionary definitions."); *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019).

¶11       Webster's Dictionary defines "Data" as "factual information (such as measurements or statistics) used as a basis for reasoning, discussion or calculation" and "information in numerical form that can be digitally transmitted or processed." Merriam-Webster, https://www.merriam-webster.com/dictionary/data (Aug. 2017) [https://web.archive.org/web/20170802014745/https://www.merriam-webster.com/dictionary/data]. The common thread between these definitions is "information." Thus, based on these definitions and the context of § 16-625, "data" is information derived from ballots. A.R.S. § 16-625 ("electronic data from . . . ballots").

¶12       Next, Webster's defines "electronic" as "of, relating to, or being a medium [ ] by which information is transmitted electronically" and "implemented on or by means of a computer: involving a computer." Merriam-Webster, https://www.merriam-webster.com/dictionary/electronic (Aug. 2017) [https://web.archive.org/web/20171128093246/https://www.merriam-webster.com/dictionary/electronic]. When processing marked ballots, elections officers scan each ballot into the County's electronic voting system. A.R.S. § 16-444(A)(4). The ballots contain information about how the voter marked the ballot. *Id.* The system electronically records the information from the scanned ballot and retains it electronically. This information or data, derived from ballots through a computer or electronic voting system, constitutes the CVR. Thus, the superior court appropriately determined that "electronic data" includes CVR.

¶13 Given § 16-625's ordinary language, its context with other statutes such as § 16-444 and Hudson's concession, *see supra* ¶ 4, Hudson fails to show how the superior court erred.

B. Section 16-625 applies to more than just active election contests

¶14 Hudson also contends the court should have applied § 16-625 only to active elections when considering the larger statutory scheme in which it falls (§§ 16-601 to -625). But nothing about § 16-625 limits its application to data involving only "active" elections. And considering the context of the statutory scheme as Hudson urges, Hudson's interpretation conflicts with § 16-624's plain language.

¶15 Section 16-624 states,

> [a]fter the canvass has been completed, the officer in charge of elections shall deposit the package or envelope containing the ballots in a secure facility [and it shall be kept] unopened and unaltered for twenty-four months for a federal office or for six months for all other elections, at which time [it] shall" be destroyed.

A.R.S. § 16-624(A). The "canvass" of an election connotes the close of the election cycle. Section 16-624 confirms that election-related protections extend beyond the election canvass, contrary to what Hudson contends. And because § 16-625 adopts security measures for "electronic data from" ballots that are at least as protective as those for paper ballots as proscribed by § 16-624, Hudson's interpretation is without merit. A.R.S. §§ 16-624, -625.

¶16 The ordinary language, structure and context of related statutes establish that § 16-625 applies beyond the canvass. Any interpretation limiting the statute's protections to the pre-canvass period conflicts with the statutory framework and principles of statutory interpretation. And when the statute's plain language is unambiguous and constitutional, it controls and this Court need not look further. *In re Riggins*, 257 Ariz. at 31, ¶ 12; *see Pima Cnty. v. State*, 258 Ariz. 11, 15–16, ¶ 23 (2024) ("[T]his Court's inquiry begins and ends with the plain meaning of the legislature's chosen words, read within the overall statutory context.") (cleaned up).

C. Sections 16-624's and -625's specific non-disclosure restrictions control over Arizona's broader public records law

**¶17**   Hudson argues the superior court erred in applying the holding in *AUDIT-USA v. Maricopa County* to the CVR. 254 Ariz. 536 (App. 2023). He asserts *AUDIT-USA* only determined that § 16-625 prohibits ballot *images* from disclosure in response to a public records request and does not apply to the CVR. Hudson misreads *AUDIT-USA.*

**¶18**   In *AUDIT-USA*, plaintiffs requested ballot images and the CVR from the 2020 general election. 254 Ariz. at 537, ¶ 2. Plaintiffs argued that because electronic, rather than physical, copies of ballot images were requested, § 16-625 authorized the county to provide the images in response to a public records request. *Id.* at 538, ¶ 9. The county challenged any disclosure under § 16-625, arguing the law prohibited disclosure of electronic copies of ballot images. *Id.* Before addressing the parties' arguments, this Court explained in *AUDIT-USA* that though public records requests permit disclosure, such requests have limitations. *Id.* at ¶ 7. Those limitations include when a specific statute limits disclosure. *Id.*; *see also Phoenix. Newspapers, Inc. v. Ariz. Dep't of Econ. Sec.*, 186 Ariz. 446, 449 (App. 1996). This Court determined that § 16-625 provides the same protection for ballot images as paper ballots and the statute therefore prohibited disclosure of ballot images pursuant to plaintiffs' request. 254 Ariz. at ¶ 14. CVR were not at issue in that case, but the same reasoning applies.

**¶19**   Though the law broadly defines public records, A.R.S. § 41-151(2), and includes "a presumption requiring the[ir] disclosure," *Griffis*, 215 Ariz. at 4, ¶ 8, public access is not absolute, A.R.S. § 41-151(2)(b); *Carlson v. Pima Cnty.*, 141 Ariz. 487, 490 (1984); *see Lake v. City of Phoenix*, 222 Ariz. 547, 549, ¶ 8 (2009) (not every record of a public entity is subject to disclosure). Here, the superior court cited *AUDIT-USA* stating that: "the Arizona Court of Appeals already construed section 16-625 as imposing a superseding limitation when considering its application in connection with a public records request." Though *AUDIT-USA* explicitly determined that § 16-625 prohibits disclosure of ballot images to a public records request, the court did not err in applying its holding to electronic information derived from ballots. *See AUDIT-USA*, 254 Ariz. at 538, ¶ 14.

**¶20**   Because § 16-625 requires county election officials to protect electronic data derived from ballots, including CVR, "from physical and electronic access," it exempts electronic data derived from ballots from disclosure as public records. *See Phoenix Newspapers*, 186 Ariz. at 449 (if a

specific statute limits disclosure, a government entity properly may withhold a record); *see also* A.R.S. §§ 16-625 (electronic data and ballots must be protected from "unauthorized copying or transfer"), -624(A) (post-canvass ballots must be maintained "in a secure facility," "unopened" and after a period of time "destroy[ed ] without opening or examining the contents"). Thus, the County properly denied Hudson's request for the CVR.

**¶21**        Hudson further claims the superior court improperly relied on *Phoenix Newspapers* without citing a specific statute declaring CVR confidential. *Phoenix Newspapers* involved a statute that prohibits disclosure of confidential information. And as discussed above, Arizona statute designates the information contained in CVR confidential. *Supra* ¶ 10-16.

**¶22**        Hudson also posits that because the County previously disclosed CVR, this Court should disregard the County's current interpretation of § 16-625. But a party's previous disclosure of confidential records neither prevails over the enforceability of § 16-625, nor justifies new violations. *See Ctr. for Auto Safety v. Goodyear Tire & Rubber Co.*, 247 Ariz. 567, 574, ¶ 28 (App. 2019) (in analyzing sealed documents, "the existence of already-disclosed documents does not diminish the value of the remaining confidential documents"). The County's prior disclosures have no impact on the law's plain language. *See Griffis*, 215 Ariz. at 4, ¶ 7 (determination of whether a document is a public record is reviewed *de novo*).

## II.    The superior court properly considered the County's motion under Rule 12(c).

**¶23**        Finally, Hudson argues the court erred by not converting the County's motion for judgment on the pleadings to one for summary judgment. Hudson argues that the court's consideration of five exhibits the County attached to its motion for judgment on the pleadings converted that motion to one of summary judgment. Ariz. R. Civ. P. 12(d). This Court disagrees.

**¶24**        "A motion for judgment on the pleadings . . . tests the sufficiency of the complaint, and judgment should be entered for the defendant if the complaint fails to state a claim for relief." *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2 (App. 1999); *see* Ariz. R. Civ. P. 12(c). When considering a motion for judgment on the pleadings, a court considers well-pled factual allegations as true. *Garibay*, 259 Ariz. at 240–41, ¶ 9. With two exceptions, if a party presents material beyond the pleadings, and the court does not exclude such material, "the motion must be treated as one for

summary judgment." Ariz. R. Civ. P. 12(d); *see KCI Rest. Mgmt. LLC v. Holm Wright Hyde & Hays PLC*, 236 Ariz. 485, 487, ¶¶ 6–7 (App. 2014). A court need not convert a motion for judgment on the pleadings: (1) when exhibits attached to the complaint are public records regarding matters in the complaint, *Strategic Dev. and Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 63, 64, ¶¶ 10, 13 (App. 2010); *see also ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 289, ¶ 7 (App. 2010), or (2) if the court did not consider the exhibits, *Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 601, ¶ 10 (App. 2016) (cleaned up).

**¶25**        Here, the County attached five exhibits to its motion for judgment on the pleadings. It included reports from the U.S. Election Assistance Commission, the National Institute of Standards and Technology at the U.S. Department of Commerce, the Maricopa County Elections Department and the Office of the Recorder, a frequently asked questions document from the Coconino County Elections Department and a minute entry from an unrelated elections case. The five exhibits are each government publications that qualify under the public records exception for conversion. *ELM Ret. Ctr., LP,* 226 Ariz. at 289, ¶ 7.

**¶26**        In addition**,** the superior court's ruling noted that Hudson "does not contest the admissibility or contents of the official public records attached to Defendants' Motion, all of which are judicially noticeable without converting the Motion into one for summary judgment." *See ELM Ret. Ctr., LP,* 226 Ariz. at 289, ¶ 7; Ariz. R. Evid. 201(d). Thus, this Court discerns no error.

## III.    This Court denies Hudson's request for attorneys' fees and costs.

**¶27**        Hudson requests attorneys' fees and costs incurred on appeal pursuant to Arizona Rule of Civil Appellate Procedure 21 and A.R.S. §§ 12-348(A)(4), -2030 and 39-121.02(B). This Court denies his requests because he is not the prevailing party. *See* A.R.S. § 39-121.02(B) (fees are awarded "if the person seeking public records has substantially prevailed"); *see AUDIT-USA*, 254 Ariz. at 539, ¶ 15 (denying attorneys' fees award when requestor did not prevail on appeal).

## CONCLUSION

¶28       This Court affirms.

